NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATARINO VARELA-SANTOS; et al., | No.   15-73359 |
| Petitioners, | Agency Nos.   A206-763-992 |
| v. | A206-763-993 |
| | A206-763-994 |
| | A206-763-995 |
| WILLIAM P. BARR, Attorney General, | A206-763-996 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Catarino Varela-Santos, Ana Cecilia Gutierrez-De Varela, and their three

children (together, "Petitioners"), all of whom are natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of Petitioners' asylum and withholding of removal claims. Substantial evidence supports the BIA's conclusion that Petitioners did not suffer threats or any physical harm rising to the level of past persecution. *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000). The BIA did not err in finding that Petitioners did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Petitioners argue they fear persecution on account of a political

2

opinion or their membership in a social group composed of their family, but these claims were not raised before the BIA, so we lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Substantial evidence supports the agency's conclusion that Petitioners otherwise failed to establish they would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence supports the agency's denial of CAT relief because Petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**